IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Suzette Walker<br>2748 N. Judson Street<br>Philadelphia, PA 19132<br><br>    Plaintiff,<br><br>v.<br><br>VERIZON SERVICES CORPORATION<br>1 Verizon Way<br>Basking Ridge, NJ, 07920<br>  and<br>VERIZON PENNSYLVANIA INC.<br>1717 Arch Street<br>Philadelphia, PA 19103<br><br>    Defendants | CIVIL ACTION<br><br>No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Suzette Walker, (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff initiates the instant action to redress violations by Defendants of 42 U.S.C. § 1981.[1] Plaintiff was unlawfully terminated and suffered damages more fully described herein.

### II. Jurisdiction and Venue

2. This action is initiated pursuant to 42 U.S.C. Section 1981. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this

---

[1] Plaintiff has initiated EEOC proceedings, and after administrative exhaustion of such claims, she will move to amend the instant lawsuit to include claims under Title VII and the PHRA that will mirror identically her Section 1981 claim as set forth herein. She will also move to amend this suit to add ADEA and ADA claims as a result of Defendants' discriminatory/retaliatory termination based on her age and disabilities.

State and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as his federal claims asserted herein.

3. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States.

4. Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.   Parties

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult with an address as set forth above.

7. Defendants are for-profit legal entities engaged in the business of providing a wide range of cable, internet and telecommunication services internationally.

8. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership of financial controls, and other factors, Defendant Entities are sufficiently interrelated and integrated in their

activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

9. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

### IV. Factual Background

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a fifty-six (56) year old African American female.

12. Plaintiff was hired by Defendants on or about July 3, 1978.

13. Plaintiff has held various positions during her tenure with Defendants; however, her most recent position was as an Engineer III Specialist.

14. In her most recent position, Plaintiff was generally responsible for the design of telecommunication infrastructure for various residential and business services.

15. This was a vital role within Defendants' Network Operations Engineering Department, which role existed for a least a decade, and this role (and corresponding job responsibilities) continue to be performed in the department where Plaintiff previously worked.

16. In total, Plaintiff worked for Defendants for over thirty-six (36) years before she was subject to a purported reduction in force (*hereinafter* the "RIF") on or about April 23, 2015.

17. Defendants informed Plaintiff that her position was being eliminated because the company was going in a different direction and/or the focus of the company is changing.

18. However, Plaintiff worked at a location (900 Race Street, Philadelphia PA) with six (6) other people, all of whom were non black employees, and were not selected for this RIF.

3

19. In fact, in or about May or June of 2014 (the second quarter of that year), Defendants brought in a Caucasian individual, David Perry, to perform the same/similar job responsibilities as Plaintiff.

20. The other six (6) individuals in Plaintiff's Department at her same office location were as follows: Anthony Portolese (Caucasian); Joseph Hui (Asian), Steven Murphy (Caucasian), Thomas Hodge (Caucasian), Maria Cesare (Caucasian) and David Perry (Caucasian).

21. Plaintiff had more experience within the engineering department than many of these six (6) individuals; for example, Cesare only had 4 years in the engineering department with Defendants; Perry was an outside foreman and wasn't within engineering previously; and Portolese had only been in engineering for approximately six (6) years.

22. Plaintiff had the most seniority of anyone within her department at the 900 Race Street Location, and had been with the engineering Department for at least 30 years.

23. Defendants allege that performance was a criterion used to assess individuals selected for the RIF.

24. However, Plaintiff's most recent performance evaluation (for 2014) reflects that Defendants' management found her to be performing at a level of "sustained performance meeting objectives, requirements and expectations and periodically exceeding them."

25. Shortly before Plaintiff's RIF, her performance was so stellar that she received a 3% raise, and a significant bonus.

26. Plaintiff had no discipline such that this would have impacted her ability to remain with the company in comparison to her Caucasian peers.

4

27. In addition, despite that the company was "going in a different direction," Plaintiff's job functions were absorbed equally by Joe Scelsa (Caucasian) and Anthony Portolese (Caucasian) who held the same title as Plaintiff in the engineering department.

28. Steve Murphy (Caucasian) working in Plaintiff's department, at the same location, was admonished for poor performance, and actually had some of his job responsibilities removed which were provided to Plaintiff and another employee in or about the Fall of 2014; yet this individual retained his job over Plaintiff.

29. Joe Scelsa (Caucasian) and Ernest Padovani (Caucasian), both holding the same title as Plaintiff within the engineering department, were dressed down for performance based reasons, yet they retained their positions.

30. During Plaintiff's employment, and within her department, management scrutinized her time and attendance differently than that of her non-black peers. Defendants' management kept a watchful eye over Plaintiff's lunch breaks, and working time, whereas various Caucasian department peers would leave the workplace freely and take well over normal break periods without any type of scrutiny.

31. In addition, at or about the time Plaintiff was subject to a RIF, Defendants RIF'd one black employee, Deidre Johns, within the engineering department who held the position as "engineering consultant"; despite that Ms. Johns' position was purportedly "laid off," Defendants filled the position with a Caucasian male employee by the name of Matt Kehr.

32. Within Plaintiff's organization, Plaintiff is aware that a Caucasian employee in 2014 had been subject to a RIF (Edward McIntosh), however, Defendants immediately found another position for him within the company (in a completely different department – as an

Engineering III Specialist) and therefore, this individual's jobs with Defendants was not otherwise impacted.

33. Despite availabilities within the engineering department, which postings are available for viewing, and Plaintiff's efforts to find another job within the company, she has not been successful (despite her tenure and positive work performance history within the company).

## Count I
### Violations of 42 U.S.C. Section 1981
### - Racial Discrimination –

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Plaintiff believes Defendants committed violations of 42 U.S.C. Section 1981 for terminating her based on race, where Defendants blatantly hired and retained Caucasian individuals who were either a.) not as qualified as Plaintiff or b.) more properly suited for any purported RIF, based on performance or other objective measurable criterion.

36. Plaintiff's termination therefore constitutes unlawful discrimination under 42 U.S.C. Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered the aforesaid unlawful actions at the hands of Defendants until the date of verdict;

B. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct, and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to emotional distress damages);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

F. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF, KARPF, & CERUTTI, P.C.

By: _____
Ari R. Karpf, Esq.
Christine E. Burke, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: July 21, 2015

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| SUZETTE WALKER | : | CIVIL ACTION |
| v. | : | |
| VERIZON SERVICES CORPORATION, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 7/21/2015 | Christine E. Burke, Esq. | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | cburke@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2748 N. Judson Street, Philadelphia, PA 19132

Address of Defendant: 1 Verizon Way, Basking Ridge, NJ 07920; 1717 Arch Street, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Defendants place of business.
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Christine E. Burke, Esq., counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 7/21/2015   _____[signature]_____   CEB8351
                  Attorney-at-Law               Attorney I.D.# 308166

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/21/2015   _____[signature]_____   CEB8351
                  Attorney-at-Law               Attorney I.D.# 308166

CIV. 609 (5/2012)

*JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
WALKER, SUZETTE

(b) County of Residence of First Listed Plaintiff: Philadelphia

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, cburke@karpf-law.com

## DEFENDANTS
VERIZON SERVICES CORPORATION, et al.

County of Residence of First Listed Defendant: Somerset

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**TORTS - PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 42USC1981

Brief description of cause: Violations of 42USC1981.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE
DOCKET NUMBER

Explanation:

DATE: 7/21/2015

SIGNATURE OF ATTORNEY OF RECORD

[Print] [Save As...] [Export as PDF] [Retrieve PDF File] [Reset]